# GILSUM v. SULLIVAN.

An obligation, held by a person to support him, his wife and minor children during life, and secured by a mortgage of real estate, although it may be found by a jury to be of greater value than $250, is neither real nor personal estate, within the meaning of the clause of the statute relating to the settlement of paupers, which declares that any person having real estate of the value of $150, or personal estate of the value of $250, shall thereby gain a settlement.

ASSUMPSIT, for the support of a pauper, alleged to have his

settlement in the defendant town derived from Charles Nash. To show that said Nash had gained a settlement in the fourth mode specified in sec. 1, chap. 65, Rev. Stat., by owning estate to the value of $250, the plaintiff proved that he held a mortgage of a farm in Sullivan, worth one thousand dollars or more, given by his son, Charles Nash, Jr., the condition of which was as follows : " Provided, that if said Nash, Jr., shall well and truly support said Nash, Sen., and his wife Eliza, during their natural lives, furnishing them with suitable meats, drinks, clothing, nursing and medicine, &c., and shall also provide a suitable home and support for Andrew and Roswell, the minor children of said Nash, Sen., until they arrive at the age of 18 years, then this deed is to be void."

No other evidence of property was introduced. The court held that this was not sufficient evidence upon which a jury might find that Nash, Sen., had estate within the meaning of the statute, to give him a settlement in the defendant town, and the plaintiffs excepted.

*Wheeler & Faulkner*, for the plaintiff.

*Cushing*, for the defendant.

SAWYER, J. The provision of the statute upon which the decision of this case depends is this : " Any person, of the age of twenty-one years, having real estate of the value of $150, or personal estate of the value of $250, in the town where he dwells and has his home, and paying all taxes duly assessed on him and his estate for four years in succession, shall thereby gain a settlement in that town." Rev. Stat., chap. 65, sec. 1.

If Charles Nash acquired estate within the meaning of the statute, by the mortgage or conditional conveyance from his son Charles, the exception is well taken ; otherwise the ruling of the court below was correct. It is clear that he acquired no such interest by the conveyance as gave him a settlement on the ground that he thus became the owner of real estate. Until

proceedings commenced for enforcing the mortgage, his right under it was a mere chattel interest—security only for the fulfillment of the provisions specified in the condition. As against all the world except the mortgagee, and as against him except merely for the purpose of upholding and enforcing the mortgage, the mortgagor is the owner of the land, and his equitable interest is real estate within the meaning of the act for the purpose of giving him a settlement.

It has not, however, been urged in the argument that the case can be sustained on the ground that the interest of Charles Nash, Sen., under the conveyance, was real estate, but it is claimed that it was personal estate within the meaning of the act.

The right which the mortgage secured to him was the right to be supported himself, and to be relieved from the liability to support his wife and minor children. The case does not find that there was any contract or agreement beyond that shown by the mortgage itself. Whether the transaction between the father and son is to be viewed as the mere giving of security by way of the mortgage for their support, the only remedy for non-fulfillment of the condition being by enforcing the mortgage, or whether it is to be regarded as a contract between the parties, binding the son to the fulfillment of the conditions, and for a breach of which the father might have a remedy by action for his damages as well as his remedy by enforcing the mortgage, in either case there is nothing which can be viewed as property, in the ordinary sense of the term, which is promised or which can result from the contract or the mortgage, until the mortgage is enforced for breach of the condition, or damages are recovered for a violation of the contract.

The right which the mortgage secures is in the strictest sense personal to the mortgagee; the right to claim support for himself, and to be relieved from his legal liability to support his wife and children. Such right, it is true, may be of great value. There are many such rights which may be estimated and measured in money, and for a violation of which compensatory damages may be recovered, but which are want-

Gilsum *v.* Sullivan.

ing in the essential qualities and incidents of property. A right which can be enjoyed only by him to whom it attaches in the first instance; which in its nature is incapable of being transferred or alienated for the use and benefit of another, cannot be regarded as estate. We think that by that term, as used in the statute, was intended property in the common acceptation of that word; property in some of the forms in which it is recognized as the subject of purchase and sale, and capable of being used and enjoyed by an alienee, substituted by the transfer, in connection with it in the place of the original owner. Chattels, money, and securities for money, and all choses in action, the benefits of which may be assigned, and, upon the transfer, appropriated by the alienee, may thus be deemed estate; but a chose in action, such as this, constituting a right strictly personal in its nature — incapable of being made available by transfer — for the benefit of another, cannot be held to be estate within the meaning of the act, and the ruling of the court below was correct.